VENABLE LLP
Daniel S. Silverman (SBN 137864)
Email:   dsilverman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

Kimberly Culp Cloyd (SBN 238839)
Email:   kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA  94111
Telephone:  (415) 653-3750
Facsimile:   (415) 653-3755

Attorneys for Defendant
HILLSIDE CANDY LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| ANGIE GARCIA, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>HILLSIDE CANDY LLC, and DOES 1-25, Inclusive,<br><br>  Defendants. | Case No.: 5:16-cv-02231<br><br>CLASS ACTION<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[San Bernardino County Superior Court Action No. CIVDS1613761]<br><br>Action Filed: August 18, 2016<br>Complaint Served: September 22, 2016<br>Removal: October 24, 2016 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Hillside Candy LLC ("Defendant") by and through its attorneys, Venable LLP, and pursuant to 28 U.S.C. §§1332, 1441, and 1446, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of San Bernardino for the reasons described below:

**I.   INTRODUCTION**

1. On or about August 18, 2016, Plaintiff Angie Garcia, individually, and on behalf of all others similarly situated, ("Plaintiff") filed a civil action in the Superior Court of California for the County of San Bernardino, entitled *Garcia v. Hillside Candy LLC*, Case No. CIVDS1613761 (the "State Court Action"). *See* the Declaration of Kimberly Culp Cloyd ("Culp Cloyd Dec.") Exhs. A-F.

2. Plaintiff served the Complaint, Summons, Civil Case Cover Sheet, Certificate of Assignment, and Notice of Case Assignment on Defendant on September 22, 2016. Culp Cloyd Dec. ¶ 10.

3. On October 11, 2016, Plaintiff filed a Case Management Conference Statement. Culp Cloyd Dec. Exh. G.

4. On October 13, 2016, Plaintiff filed a Proof of Substitute Service of Summons and Complaint. Culp Cloyd Dec. Exh. H.

5. Plaintiff alleges that Defendant sold misbranded candy (the "Product") and pursues damages, restitution, and injunctive relief arising from the alleged false and misleading advertising.

**II.   GROUNDS FOR REMOVAL PURSUANT TO CAFA**

6. The Class Action Fairness Act, 28 U.S.C. § 1332(d), ("CAFA") provides this Court with original jurisdiction of this case and permits Defendant to remove the State Court Action from California state court to this Court. CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any

member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class member exceeds $5,000,000 (exclusive of interest and costs).  28 U.S.C. § 1332(d)(2), (d)(5)(B).  These jurisdictional requirements are satisfied in this action.

### A.   This is a Class Action as Defined by CAFA

7.   This action meets the applicable definition of a class action under CAFA, which defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B).

8.   Plaintiff filed the State Court Action as a putative class action on behalf of herself and a proposed class of "all persons located within the United States who purchased" the Product, which putative class includes California residents such as Plaintiff.  Complaint ¶ 23 ("All persons located within the United States who purchased" the Product).

9.   The California rule governing the maintenance of class actions, California Code of Civil Procedure section 382, is analogous to Federal Rule of Civil Procedure 23.  Thus, this action falls within the definition of a "class action" under CAFA.

### B.   The Proposed Class Consists of More Than 100 Members

10.   The putative class in this action consists of over 100 members.  28 U.S.C. § 1332(d)(5)(B).  Plaintiff purports to represent a class that includes "at least in the hundreds of thousands." Complaint ¶ 25.

11.   Although Defendant disputes that any class can be appropriately certified under any applicable rule, Plaintiff's allegations in the Complaint are sufficient to satisfy CAFA's requirement that the proposed class consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

### C.   There Is Minimal Diversity of Citizenship Under CAFA

12.   The requisite diversity of citizenship exists between Defendant and

1  the putative class members. CAFA provides that "[t]he district courts shall have
2  original jurisdiction of any civil action in which the matter in controversy exceeds
3  the sum or value of $5,000,000, exclusive of interest and costs, and is a class action
4  in which . . . *any* member of a class of plaintiffs is a citizen of a State different
5  from *any* defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added). Thus, only
6  minimal diversity is required.

7        13.    Defendant is a limited liability company whose members are residents
8  of New Jersey and Delaware. Culp Cloyd Decl. ¶ 2. Defendant's principal place
9  of business is in New Jersey. Complaint ¶ 2. Because Plaintiff is a resident of
10 California (Complaint ¶ 1), then at least one of the putative class members is a
11 citizen of a state different from Defendant and minimal diversity of citizenship is
12 satisfied for purposes of CAFA. 28 U.S.C. § 1332(d)(2)(A), (d)(10).

13       **D.**    **The Amount in Controversy is Satisfied**

14       14.    The aggregate amount in controversy here, exclusive of interest and
15 costs, exceeds the value of five million dollars. 28 U.S.C. § 1332(d)(2), (d)(6). As
16 the United State Supreme Court has clarified, Defendant need not provide evidence
17 proving that the amount in controversy exceeds the CAFA threshold. *Dart*
18 *Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Rather,
19 where the complaint does not specify a particular amount of alleged damages, a
20 "defendant's notice of removal need include only a plausible allegation that the
21 amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. Having
22 reviewed the Complaint and the facts known to it about its own sales, Defendant
23 alleges that the amount in controversy exceeds five million dollars. *See also*
24 Declaration of Ted Cohen in Support of Removal at ¶ 3.

25       15.    While Defendant disputes that Plaintiff or the putative class is entitled
26 to any amount of recovery, Plaintiff's allegations seek recovery of an amount in
27 excess of five million dollars and so this case is removable under CAFA.
28

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A. The Notice of Removal is Timely

16. Plaintiff served the Summons and Complaint on Defendant on September 22, 2016. Culp Cloyd Dec. ¶ 10, Culp Cloyd. Dec. Exh. H. This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within thirty days after Defendant was served.

### B. Venue is Proper

17. The Superior Court of the State of California for the County of San Bernardino is located within the Central District of California. 28 U.S.C. § 84(c). This notice of removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 1453(b).

### C. Notice of Filing

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of the State of California for the San Bernardino and served upon counsel for Plaintiff. A copy of that Notice to State Court and to Plaintiff of Removal of Action is attached hereto. Culp Cloyd Decl. Exh. I.

## III. CONCLUSION

For the reasons stated, federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1453.

DATED: October 24, 2016   VENABLE LLP

By:  /s/ Kimberly Culp Cloyd
     Daniel S. Silverman
     Kimberly Culp Cloyd

Attorneys for Defendant
HILLSIDE CANDY LLC